## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DERRICK SHEPHERD**                                    **CIVIL ACTION**

**VERSUS**                                                        **NO. 14-862**

**GEOVERA SPECIALTY**
**INSURANCE SERVICES, INC.**                     **SECTION "H"(2)**

### ORDER AND REASONS

Before the Court are a Motion for Summary Judgment filed by Defendant GeoVera Specialty Insurance Company ("GeoVera") (Doc. 27) and a Motion for Partial Summary Judgment filed by Plaintiff Derrick Shepherd ("Shepherd") (Doc. 30). For the following reasons, both Motions are **DENIED**.

### BACKGROUND

When Hurricane Isaac made landfall in Southeast Louisiana on August 28, 2012, Shepherd had a homeowner's insurance policy with GeoVera insuring his property in Gretna, Louisiana. Shepherd filed a proof of loss claiming his home was substantially damaged as a result of the hurricane.

Shepherd filed suit in Orleans Parish Civil District Court seeking insurance proceeds under his homeowner's policy. GeoVera removed the case to this Court on April 15, 2014.

GeoVera filed a motion for summary judgment on July 18, 2014 asserting that Shepherd breached the insurance contract by failing to cooperate in the claim investigation. The Court denied the Motion, citing numerous disputes of material fact that precluded summary judgment at that time. On November 18, 2014, GeoVera filed a motion for summary judgment on lack of coverage or rescission of contract of insurance. That same day, Shepherd filed a motion for partial summary judgment on the issue of bad faith. These are the Motions presently before the Court.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and

---

[1] Fed. R. Civ. P. 56(c) (2012).
[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

2

draws all reasonable inferences in his favor.[3]  "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4]  Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5]  "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6]  "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7]  Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

---

[3] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).

[4] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[6] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[7] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

[8] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

## LAW AND ANALYSIS

*GeoVera's Motion for Summary Judgment*

GeoVera moves the Court to rescind the insurance contract between Shepherd and GeoVera and order GeoVera to refund any premiums paid for coverage of the policy. GeoVera contends that the insurance policy is void and unenforceable due to material misrepresentations made by Shepherd or his agent when filling out the insurance application. GeoVera further contends that it would not have placed the policy had the application been filled out truthfully.

Specifically, GeoVera argues that the policy precludes coverage for any insured in the event of concealment or fraud in relation to placement of the insurance policy or for any claims thereafter. Under "Conditions," the policy states:

> We provide coverage to no "insureds" under this policy if, whether before or after a loss, an "insured" has:
> 1. Intentionally concealed or misrepresented any material fact or circumstance;
> 2. Engaged in fraudulent conduct; or
> 3. **Made false statements**;
> relating to this insurance.[9]

GeoVera argues that Shepherd is not entitled to coverage for the alleged losses based on the plain language of the insurance policy. In the alternative, GeoVera asserts that the policy should be rescinded for Shepherd's material misrepresentations on his insurance application.

---

[9] R. Doc. 27-1 at p. 5 (emphasis in original).

4

GeoVera argues that Shepherd made four material misrepresentations in his application:

> "1) no prior claims for property damage had been made on the Property; 2) Shepherd had not been convicted of an insurance-related crime within the ten years preceding the date the application was lodged; 3) the Property's purpose was that of a primary residence; and 4) at the time of lodging the application, the Property did not have any unrepaired or unmitigated damage."[10]

GeoVera argues that these misrepresentations are material because Shepherd's policy would never have been issued but for the misrepresentations because of GeoVera's underwriting guidelines. Additionally, GeoVera argues that the circumstances surrounding the misrepresentations and the nature of the statements "lead to the inevitable conclusion that these statements were made to deceive GeoVera and to induce GeoVera into placing a policy of insurance against its guidelines."[11] GeoVera argues that the policy should be rescinded based on these material misrepresentations.

That is not, however, the end of the inquiry.   Louisiana Revised Statutes section 22:860 provides that an insurer can void a liability insurance contract only under specific circumstances.   Specifically, it provides that:

> [N]o oral or written misrepresentations or warranty made in the negotiation of an insurance contract, by the insured or in his behalf, shall be deemed material

---

[10] R. Doc. 27-1 at p. 2.
[11] R. Doc. 27-1 at p. 8.

> or defeat or void the contract or prevent it attaching,
> unless the misrepresentation or warranty is made
> with the *intent to deceive*.[12]

Under this section, "only a finding of intent to deceive will defeat coverage."[13] Thus, for the alleged misrepresentations to void coverage under this policy, GeoVera bears the burden of proving that Shepherd misrepresented a material fact *with the intent to deceive*.[14]

A misrepresentation is material "'if the truth would have resulted in the insurer not issuing the policy of insurance or issuing the policy at a higher rate.'"[15] With respect to proving intent to deceive, the Louisiana Supreme Court has stated:

> [S]trict proof of fraud is not required to show the
> applicant's intent to deceive, because of the inherent
> difficulties in proving intent. Intent to deceive must
> be determined from surrounding circumstances
> indicating the insured's knowledge of the falsity of
> the representations made in the application and his
> recognition of the materiality of his
> misrepresentations, or from circumstances which
> create a reasonable assumption that the insured
> recognized the materiality.[16]

Shepherd does not dispute that his application contains errors. In fact,

---

[12] La. Rev. Stat. § 22:860(A) (emphasis added).

[13] *Cousin v. Page*, 372 So. 2d 1231, 1233 (La. 1979).

[14] *Darby v. Safeco Ins. Co. of Am.*, 545 So. 2d 1022, 1025–26 (La. 1989).

[15] *Grenoble House Hotel v. Hanover Insurance Co.*, 06-8840, 2010 WL 2985789, at p. 3 (E.D. La. 2010) (quoting *Abshire v. Desmoreaux*, 970 So.2d 1188, 1196 (La. App. 3 Cir. 2007)).

[16] *Cousin v. Page*, 372 So. 2d 1231, 1233 (La. 1979); *see also Darby v. Safeco Ins. Co. of Am.*, 545 So. 2d 1022, 1026 (La. 1989).

he pointed out several errors when reviewing the application during his deposition, including the year the house was built, the year the roof was replaced, how far the fire hydrant is from the house, and whether he rents or owns other properties.[17]   He argues, however, that GeoVera cannot prove he misrepresented material facts or made false statements with the intent to deceive because Shepherd did not fill out the application—it was instead filled out by Shepherd's agent, Swanson & Associates.[18]   He contends that any errors are the fault of his insurance agent at Swanson & Associates and thus are not imputable to him.[19]   Shepherd argues GeoVera's motion must fail because he did not make the false statements himself and there is no evidence that he had knowledge of any material false statements made by Swanson & Associates on the application.

The Court finds that there is a material misrepresentation on Shepherd's insurance application, which was made either by Shepherd or by Swanson & Associates on his behalf.   GeoVera's Underwriting Manual states that an applicant is not eligible for coverage if, *inter alia*: (1) he has made two claims in the preceding three years totaling more than $20,000; (2) he has

---

[17] R. Doc. 53-1 at pp. 15–19.

[18] Shepherd refers to Swanson & Associates as his "agent."  The Court notes that in the insurance context, the term "insurance agent" generally refers to one who represents the insurer, whereas an "insurance broker" generally refers to one who represents the insured or prospective insured.  *See, e.g.*, *Ford v. Golemi, Albrecht Ins.*, 522 So. 2d 1283 (La. App. 5 Cir. 1988); *Sw. Veterinary Servs., Inc. v. Hartford Cas. Ins. Co.*, 12-2281, 2013 WL 2471671, at *6 (W.D. La. June 6, 2013).  It is clear that Swanson & Associates acted as Shepherd's broker.  Thus, Swanson & Associates represented Shepherd in the transaction.

[19] There is also a question of whether Shepherd signed the application or whether the broker signed his name on Shepherd's behalf.  R. Doc. 53-1 at pp. 11, 19.

been convicted of a crime related to insurance coverage; (3) the property is held for rental; or (4) the property has unrepaired prior damage.[20]  GeoVera also points to an affidavit of GeoVera underwriter Carol Chervinko, which supports GeoVera's position that "had [it] known any of the above-referenced certifications by Shepherd made in his application were false, GeoVera would have declined Shepherd's application for coverage."[21]

Looking just to the issue of previous claims made on the property, Shepherd admits he filed claims with his previous insurer, about which he informed Swanson & Associates.[22]  The claims file from his previous insurer confirms that there were previous claims on the property that rendered Shepherd ineligible for coverage based on GeoVera's underwriting guidelines. The file indicates that there were more than two claims filed within the three years preceding Shepherd's application and that the claims totaled more than $20,000.[23]  There can be no question that Shepherd's application contained a material misrepresentation.  Thus, the dispositive question is whether the

---

[20] R. Doc. 27-3 at p. 69.

[21] R. Doc. 27-3 at pp. 1–3.

[22] R. Doc. 53-1 at p. 18.  Based on Shepherd's opposition, it appears that he does not contest that the application contains a material misstatement concerning his prior claims. Instead, he contends that this error cannot void coverage because it was made by Swanson & Associates.  With respect to the other alleged misstatements, Shepherd contends his agent either was not aware of his conviction of conspiracy to commit money laundering or did not consider it to be an insurance-related crime; his tax returns indicate there was zero rental income, which indicates the property was not rented and rather owner occupied; and there was no prior damage to his property at the time the application was completed.  R. Doc. 53 at pp. 6–7.  The Court finds there are factual disputes as to whether these certifications were material misstatements.

[23] R. Doc. 27-4.

misrepresentation was made with the intent to deceive.

Viewing the evidence in the light most favorable to Shepherd, the Court finds that there is a genuine dispute of material fact as to whether the misrepresentations were made by Shepherd and whether he intended to deceive GeoVera.  Although there are some situations in which a Court may infer intent to deceive, in this case there are factual disputes that must be determined by the trier of fact.[24]   Because there are genuine disputes of material fact, GeoVera's Motion must be denied.

*Shepherd's Motion for Partial Summary Judgment*

Shepherd filed a Motion seeking partial summary judgment on the issue of GeoVera's bad faith arguing: "GeoVera has acted arbitrarily, capriciously and without probable cause in adjusting its insured's claim for damages, entitling [Shepherd] to statutory damages and penalties" under Louisiana Revised Statutes sections 22:1892 and 22:1973.[25]   Shepherd would bear the burden of proving his bad faith claim at trial.  As discussed above, there is a genuine dispute of material fact in this case as to whether GeoVera

_____

[24] For example, Shepherd's affidavit avers that he did not complete or sign the application, that he was not made aware that GeoVera's underwriting guidelines prevented it from placing a policy of insurance under the circumstances at issue, and that there was no unrepaired damage to his residence.  R. Doc. 53-2.  To rule in GeoVera's favor on summary judgment would require a credibility determination, a determination better left to the trier of fact.

[25] R. Doc. 30-1 at p. 1.  Both statutes prohibit insurers from refusing to pay a claim after receiving a satisfactory proof of loss if the failure was arbitrary, capricious, or without probable cause and provide for penalties if insurers do not comply.  The primary difference between the statutes is the time period allowed for payment.  *Compare,* La. Rev. Stat. § 22:1892 (30 days) *with,* La. Rev. Stat. § 22:1973 (60 days).

has a valid defense to Shepherd's claim.   There can be no dispute that, if GeoVera prevails on its defense at trial, it was not in bad faith in refusing to pay the amount demanded by Shepherd.   "Summary judgment is not appropriate when a claim for bad faith penalties depends on factual determinations concerning the reasonableness of the insurer's actions."[26] Accordingly, Plaintiff's Motion must also be denied.

## CONCLUSION

For the foregoing reasons, the Motions are **DENIED**.


New Orleans, Louisiana, this 5th day of March, 2015.


_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[26] *Johnson v. State Farm Mut. Auto. Ins. Co.*, 11-1991, 2012 WL 1745497, at *4 (E.D. La. May 16, 2012) (Africk, J.).   The Louisiana Supreme Court has stated that "[t]he statutory penalties are inappropriate when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense."   *Reed v. State Farm Mut. Auto. Ins. Co.*, 857 So. 2d 1012, 1021 (La. 2003).