UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DERRICK SHEPHERD** | **CIVIL ACTION** |
| **VERSUS** | **NO: 14–862** |
| **GEOVERA SPECIALTY INSURANCE SERVICES, INC.** | **SECTION: "H"(2)** |

### ORDER AND REASONS

Before the Court are two Motions to Strike experts (Docs. 26, 31) and a Motion *in Limine* (Doc. 65). For the following reasons, the Motions to Strike are GRANTED IN PART, and the Motion *in Limine* is DENIED AS MOOT.

### BACKGROUND

Plaintiff Derrick Shepherd brought this action in Louisiana state court to recover the proceeds of a homeowners insurance policy issued to him by Defendant GeoVera Specialty Insurance Company. Plaintiff claims that Defendant significantly undervalued the damage sustained by his home during

1

Hurricane Isaac and that Defendant is liable for additional damages, penalties, and attorney's fees under Louisiana law because its decision denying him additional coverage was arbitrary and capricious. For its part, Defendant asserts that Plaintiff was adequately compensated for his losses and that the majority of the damages he claims were not caused by Hurricane Isaac but were the result of unrepaired damage for which he had been previously compensated. Additionally, Defendant seeks recession of the insurance policy based on its allegation that Plaintiff intentionally misrepresented several material facts with the intent to deceive Defendant. The Court recently denied motions for summary judgment filed by both parties. Presently before the Court are competing Motions to Strike Experts and a single Motion *in Limine*.

## LAW AND ANALYSIS

There are three Motions presently before the Court. The Court will address each in turn.

**I. Defendant's Motion *in Limine* (Doc. 65)**

Defendant moves the Court to exclude two of Plaintiff's exhibits. Plaintiff has not filed an opposition to this Motion. After this Motion was filed, the Court ordered the parties to submit comprehensive objections to exhibits and responses thereto. The parties have complied with this order. The two exhibits that Defendant seeks to exclude in this Motion are addressed in Defendant's objections and Plaintiff's response thereto. Thus, Plaintiff has presented arguments related to the relief sought in this Motion, albeit in a different

procedural posture. Because the relief sought in this Motion is fully briefed in the objections and responses, the Court denies this Motion as moot. The Court will address the admissibility of the two challenged exhibits when it rules on all of the objections to exhibits.

## II. Motion to Exclude Expert Testimony of Dan Onofrey (Doc. 26)

In this Motion, Defendant asks the Court to preclude Mr. Dan Onofrey, one of Plaintiff's witnesses, from offering any expert opinions in this matter. Defendant has no objection to Mr. Onofrey testifying as a fact witness but argues that he should be precluded from offering expert testimony because his expert report does not comply with Rule 26.

Federal Rule of Civil Procedure 26 requires that all retained experts submit written reports that are prepared and signed by the witness. The Rule specifically requires that the report contain all of the following information:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Mr. Onofrey has not prepared a formal expert report. Rather, he has

3

prepared what appears to be a construction estimate. This document sets forth a detailed estimate of the cost to perform certain construction work at Plaintiff's home. It does not contain any statement of Mr. Onofrey's opinions, the basis of those opinions, or the facts or data upon which the report is based. The estimate has been supplemented by two documents: Mr. Onofrey's *curriculum vitae* and a letter from Plaintiff's counsel. The letter reads, in full:

> Please include the following paragraph at the beginning of Mr. Daniel Onofrey's expert report in the above matter which has previously been provided to you:
>
> [Plaintiff's home] was reportedly damaged during the passing of Hurricane Isaac. Able Commercial Contractors was retained to provide a wind damage assessment of the subject building, specifically to determine the extent of damage due to high winds and subsequent water intrusion during the passing of Hurricane Isaac. Mr. Daniel Onofrey performed a site inspection on April 12, 2013 to evaluate visibly existing conditions at the subject property. On this date Mr. Onofrey interviewed the insured, Derrick Shepherd. Mr. Onofrey used his knowledge and experience to compute the attached itemization of damages as a result of Hurricane Isaac.

The Court declines to consider the letter as part of Mr. Onofrey's report because the letter was not prepared or signed by Mr. Onofrey, as required by Rule 26. Additionally, even if the Court were to consider the letter, it does not clearly set out what opinions, if any, Mr. Onofrey will offer in this matter. Because the Court has not been presented with a report from Mr. Onofrey that clearly articulates the opinions he will offer at trial, the Court concludes that Mr.

4

Onofrey has failed to provide a report in compliance with Rule 26(a)(2)(B).

Plaintiff, however, contends that any deficiencies in Mr. Onofrey's report were remedied when he clearly explained his opinions in his deposition. The Court disagrees. An expert cannot remedy deficiencies in his report by clearly articulating his opinions in a deposition.[1] Indeed, if the Court were to permit an expert who submits a deficient report to cure the deficiencies in his deposition, the disclosure requirements of Rule 26 would be rendered meaningless.

Having concluded that Mr. Onofrey's report does not comply with Rule 26, the remaining question is the appropriate remedy. Rule 37(c)(1) provides that "If a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Thus, it would appear that the appropriate remedy is to preclude Mr. Onofrey from testifying as an expert. Nonetheless, this Court has considerable discretion to fashion an appropriate remedy.[2]

In light of Mr. Onofrey's failure to submit a complete report, the Court will limit his testimony at trial. Mr. Onofrey will be permitted to offer testimony regarding the damage he observed at Plaintiff's home and the cost to repair that damage as outlined in his estimate. Mr. Onofrey will not, however, be permitted to offer any opinions regarding the cause of the damage because those opinions

---

[1] *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 642 (7th Cir. 2008); *see also Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 571 (5th Cir. 1996) (holding that untimely supplement to expert report could not cure deficiencies in original report).

[2] *Sierra Club*, 73 F.3d at 572.

5

were not timely disclosed as required by Rule 26.

### III. Motion to Strike Expert Witnesses Moran and Fischer (Doc. 31)

Plaintiff moves the Court to strike two of Defendant's expert witnesses because their opinions are unreliable and, alternatively, cumulative.

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;(b) the testimony is based on sufficient facts or data;(c) the testimony is the product of reliable principles and methods; and(d) the expert has reliably applied the principles and methods to the facts of the case.[3]

The current version of Rule 702 reflects the Supreme Court's decisions in *Daubert v. Merrell Dow Pharmaceuticals*[4] and *Kumho Tire Company v. Carmichael*.[5] The threshold inquiry is whether the expert possesses the requisite qualifications to render an opinion on a particular subject matter.[6] Having defined the permissible scope of the expert's testimony, a court next

---

[3] Fed. R. Evid. 702.

[4] 509 U.S. 579 (1993).

[5] 526 U.S. 137 (1999).

[6] *Wagoner v. Exxon Mobil Corp.*, 813 F.Supp.2d 771, 799 (E.D.La.2011); *see also Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999) ("A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject.").

inquires whether the opinions are reliable and relevant.[7]  In undertaking this tripartite analysis, courts must give proper deference to the traditional adversary system and the role of the jury within that system.[8]  "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[9]  As the "gatekeeper" of expert testimony,[10] the trial court enjoys broad discretion in determining admissibility.[11]

    Both Mr. Moran and Mr. Fischer are civil engineers.  They inspected the roof of Plaintiff's home on May 23, 2013.  Mr. Moran and Mr. Fischer were retained by Plaintiff's then-insurer to evaluate a claim for hail damage.  Defendant intends to call Mr. Moran and Mr. Fischer in this suit to offer opinions regarding the age and condition of Plaintiff's roof at the time of their inspection.  Plaintiff contends that Mr. Moran and Mr. Fischer should not be permitted to testify at trial because their opinions are unreliable.

    Plaintiff does not dispute that Mr. Moran and Mr. Fischer are qualified to render expert opinions regarding the age of his roof.  Indeed, both Mr. Moran and Mr. Fischer are registered professional civil engineers with substantial education and experience in their fields of expertise.  As such, the Court has no difficulty concluding that they are qualified to render opinions regarding the age

---

[7] *See United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

[8] *See Daubert*, 509 U.S. at 596.

[9] *Id.*

[10] *Id.* at 597.

[11] *Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 881 (5th Cir. 2013).

of Plaintiff's roof.

The opinions are also relevant. One of Defendant's defenses is that much of the damage claimed by Plaintiff in this suit actually pre-existed Hurricane Isaac. Plaintiff admits that he made a homeowner's claim in 2011 for roof damage and that his then-insurer paid for a new roof at that time. Defendant claims that Plaintiff never replaced his roof and that he is attempting, through this litigation, to be paid to replace the same roof for a second time. Mr. Moran and Mr. Fischer's opinions support Defendant's claim. They opine that Plaintiff's roof was between five and seven years old at the time of their inspection. Thus, according to Defendant's experts, the roof was last replaced sometime between 2006 and 2008, well before Plaintiff was compensated for a new roof in 2011. Therefore, the opinions are relevant.

Much of Plaintiff's argument, however, is devoted to the third and final step of the Court's *Daubert* analysis. Plaintiff argues that Mr. Moran and Mr. Fischer's method for estimating the age of his roof is not generally accepted in the scientific community and is thus unreliable. The Court is not convinced. Mr. Moran and Mr. Fischer performed a detailed inspection of Plaintiff's roof. They specifically observed the condition of the shingles and the amount of damage apparent on the roof. Based upon this inspection, they were able to estimate the age of the roof. This Court is not convinced that a detailed inspection is an unreliable method of determining the age of a roof, nor has Plaintiff offered any evidence to the contrary. Accordingly, the Court concludes that Mr. Moran and Mr. Fischer's opinions are sufficiently reliable.

Finally, Plaintiff argues that the opinions of Mr. Moran and Mr. Fischer are indistinguishable and, therefore, cumulative. The Court agrees. Defendant may call, at its option, either Mr. Moran or Mr. Fischer. Defendant shall notify the Court of its decision within 15 days of this Order.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Strike Mr. Onofrey is GRANTED IN PART, Plaintiff's Motion to Strike Mr. Moran and Mr. Fischer is GRANTED IN PART, and Defendant's Motion *in Limine* is DENIED AS MOOT. Defendant shall notify the Court within 15 days of this Order whether it intends to call Mr. Moran or Mr. Fischer at trial.

New Orleans, Louisiana, this 9th day of March, 2015.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**